**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

WOODROW BULLOCK,              :   Civil Action No. 01-3245 (NLH)
                              :
    Plaintiff,              :
                              :
  v.                          :   **OPINION**
                              :
CORRECTIONAL MEDICAL          :
SERVICES, INC.,               :
                              :
    Defendant.              :

**APPEARANCES:**

William M. Tambussi, Esquire
Henry Oh, Esquire
Brown & Connery, LLP
360 Haddon Avenue
Westmont, New Jersey 08108

    Attorneys for Plaintiff

Stephen D. Holtzman, Esquire
Jeffrey S. Mcclain, Esquire
Holtzman & Mcclain, PC
819 New Road
Northfield, New Jersey 08225

    Attorneys for Defendant

**HILLMAN**, District Judge

    This matter has come before the Court on Defendant's motion for summary judgment on Plaintiff's constitutional violation claim brought pursuant to 42 U.S.C. § 1983.  For the reasons set forth below, Defendant's motion will be granted.

**BACKGROUND**

    Plaintiff, Woodrow Bullock, who claims that he suffers from paranoid schizoaffective disorder, alleges in his Complaint that

during administrative segregation at East Jersey State Prison from August 2000 through March 2001, he was forced to go without proper medication for his auditory and visual hallucinations. Plaintiff also claims that the medication he did receive was not the necessary and usual medications he had received prior to being placed in administrative segregation. As a result of his improper medication, Plaintiff alleges that he was "forced to live with a degenerate and unstable state of mind, hallucinations, [and] sleep deprivation" for his entire stay in administrative segregation, except for the last few days when he claims his original medication was restored.

Plaintiff's Complaint can be construed as asserting a claim against Defendant, Correctional Medical Services, Inc. ("CMS"), for a violation of his Eighth Amendment right against cruel and unusual punishment due to Defendant's deliberate indifference to his serious medical need.[1]  Defendant has filed this motion

---

[1] Although now represented by counsel, Plaintiff filed this action pro se. Because he was initially proceeding pro se, Plaintiff's original and supplemental Complaints were construed liberally, and were found to assert claims concerning the conditions of his confinement, excessive force, and inadequate medical care, as well as a claim that he was held in administrative segregation longer than his sentence term. Plaintiff's Complaint alleged these claims against the Department of Corrections, "Administrator Powell," "Administrator Switaj," "Dr. Freeman," "Dr. Jane Doe," and CMS. Plaintiff's Complaints were also construed to assert state law claims of medical malpractice against the doctors.  The Department of Corrections was terminated as a defendant on November 11, 2001.  Dr. Freeman, who does not exist, was terminated on February 9, 2006.  According to Plaintiff's counsel, the two administrators are also no longer parties to the action.  Accordingly, only Plaintiff's claim against CMS concerning adequate medical care remains for adjudication.

seeking judgment in its favor on Plaintiff's claim.

## DISCUSSION

**A.   Summary Judgment Standard**

Summary judgment is appropriate where the Court is satisfied "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986).  The Court will enter summary judgment only when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

An issue is "genuine" if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A fact is "material" if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id.  In considering a motion for summary judgment, a district court may not make credibility determinations or engage in any weighing of the evidence; instead, the non-moving party's evidence "is to be believed and all justifiable inferences are to be drawn in his favor." Marino v. Industrial Crating Co., 358 F.3d 241, 247 (3d Cir.

2004)(quoting Anderson, 477 U.S. at 255).

Initially, the moving party has the burden of demonstrating the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Once the moving party has met this burden, the nonmoving party must identify, by affidavits or otherwise, specific facts showing that there is a genuine issue for trial. Id. Thus, to withstand a properly supported motion for summary judgment, the nonmoving party must identify specific facts and affirmative evidence that contradict those offered by the moving party. Anderson, 477 U.S. at 256-57. A party opposing summary judgment must do more than just rest upon mere allegations, general denials, or vague statements. Saldana v. Kmart Corp., 260 F.3d 228, 232 (3d Cir. 2001).

**B. Eighth Amendment Claim**

The Eighth Amendment proscription against cruel and unusual punishment requires the State to provide inmates with adequate medical care. To establish a violation of his Eighth Amendment right to adequate medical care, Plaintiff must show (1) a serious medical need, and (2) acts or omissions by prison officials that indicated deliberate indifference to that need. Estelle v. Gamble, 429 U.S. 97, 103-04 (1976); Natale v. Camden County Corr. Facility, 318 F.3d 575, 582 (3d Cir. 2003).

**(1) Serious medical need**

To prove his claim, Plaintiff must first show that he had a

serious medical need during his time in administrative segregation.  "Because society does not expect that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'"  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9 (1992).  A serious medical need is a need diagnosed by a physician that the physician believes to require medical treatment, or a need that is "so obvious that a lay person would easily recognize the necessity for a doctor's attention."  <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d 326, 347 (3d Cir. 1987) (citation omitted); <u>see also</u> <u>Atkinson v. Taylor</u>, 316 F.3d 257, 273 (3d Cir. 2003).  Additionally, the medical need is considered serious where denial or delay causes an inmate to suffer a life-long handicap or permanent loss.  <u>Monmouth County</u>, 834 F.2d at 347.

Here, Defendant does not contest that Plaintiff required treatment for a serious medical need.

**(2)  Deliberate indifference**

Plaintiff must also show that Defendant's behavior constituted deliberate indifference to his serious medical need. It is uncontested that Plaintiff has sued Defendant in its capacity as a corporation that operates under color of New Jersey law.  In order to establish that Defendant is directly liable for the alleged Eighth Amendment violations, Plaintiff "must provide

evidence that there was a relevant [CMS] policy or custom, and that the policy caused the constitutional violation[s] [Plaintiff] allege[s]." Natale, 318 F.3d at 584 (holding that because *respondeat superior* or vicarious liability cannot be a basis for liability under 42 U.S.C. § 1983, a corporation under contract with the state cannot be held liable for the acts of its employees and agents under those theories).

For example, in Natale, a diabetic detainee claimed that the company under contract with the state to provide medical services to the prison had an "established policy or well-settled custom of ignoring the medication needs of inmates" at the prison. Id. at 580. The court held that the inmate's claim survived summary judgment because even though there was no evidence that the medical services company had an affirmative policy or custom that prevented its employees from inquiring into the frequency with which the plaintiff required insulin, there was evidence that the company "turned a blind eye to an obviously inadequate practice that was likely to result in the violation of constitutional rights." Id. at 584.

Conversely, in Baker v. Allen, No. 03-2600, 2006 WL 1128712, at *1 (D.N.J. April 24, 2006), an inmate was assaulted during a substance abuse program operated by CMS. The inmate claimed that CMS maintained improper policies in connection with the program and failed to act appropriately to protect him from being

6

assaulted.  Id. at *5.  The court granted summary judgment in favor of CMS on all the inmate's claims because he failed to show, *inter alia*, any evidence that the counselors' conduct amounted to a policy or custom of CMS or that CMS had a practice of denying medical attention by a physician.  Id.

Here, in contrast to Natale and similar to Baker, Plaintiff has not provided evidence, or even alleged, that Defendant employed any policy or custom that caused Plaintiff to not receive his proper medication.  This defect with Plaintiff's claim for a violation of his Eighth Amendment right to adequate medical care has existed since Plaintiff filed his original Complaint in November 2001.  Indeed, the Court recognized that Plaintiff's claim was deficient when Plaintiff filed his Complaint, and permitted Plaintiff to amend his Complaint to address this and other deficiencies.  Until Defendant filed its motion for summary judgment in April 2006, Plaintiff had adequate time to plead that Defendant employed an unconstitutional policy or custom, and he had adequate time to submit proof to support his claim.  Even if all claims and proof proffered by Plaintiff were accepted as true, this fundamental flaw in his claim against Defendant remains.

Consequently, because Plaintiff has failed to allege or provide evidence that Defendant employed any policy or custom that caused Plaintiff to not receive his proper medication,

Plaintiff has failed to meet the second element of a claim for the violation of his Eighth Amendment right to adequate medical care.[2]

## CONCLUSION

Defendant is entitled to judgment as a matter of law because Plaintiff has not identified any affirmative evidence to support his claim for a violation of his Eighth Amendment right to adequate medical care.  An appropriate Order will be entered.

Dated: September 28, 2006        s/ Noel L. Hillman

Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.

---

[2] In their motion papers, the parties spend a great deal of time discussing the adequacy of Plaintiff's treatment, whether an expert report and an affidavit of merit are needed, and other various legal issues.  Because CMS is the only remaining defendant, and CMS cannot be held liable under the theories of *respondeat superior* and vicarious liability, the only discussion relevant to the pending motion relates to CMS's own liability.  As a result, the Court does not need to discuss the parties' arguments on issues other than CMS's liability.